**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALLA MEDVEDEVA, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No.: 17 Civ. 5739 |
| v. | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| ASSISTCARE HOME HEALTH SERVICES LLC (d/b/a PREFERRED HOME CARE OF NEW YORK and PREFERRED HOME CARE OF NEW YORK LLC), | |
| Defendant. | Jury Trial Demanded |

Plaintiff Alla Medvedeva by her attorneys Wittels Law, P.C., and Hymowitz Law Group PLLC brings this action individually and on behalf of a class of persons defined below, against Defendant Assistcare Home Health Services LLC (d/b/a Preferred Home Care Of New York and Preferred Home Care Of New York LLC), ("Defendant," "Assistcare," or the "Company") and alleges the following with knowledge as to her own acts, and upon information and belief as to all other acts:

**SUMMARY OF THIS CLASS AND COLLECTIVE ACTION**
**TO RECOVER FOR DEFENDANT'S MULTIPLE WAGE AND HOUR VIOLATIONS**

1.      This suit seeks to remedy Defendant Assistcare's illegal pay practices.  Defendant is a home health care agency whose workers provide home-based aid to individuals in need of medical or other home care assistance.  Plaintiff and the Class are hard-working home health and personal care aides (collectively, "home care workers") employed by Assistcare.

2.      Assistcare is a sizeable home health company, now servicing "thousands of

- 1 -

households with in-home care in the New York City metropolitan area"[1] and, on information and belief, employing over 1,000 home care workers.  Assistcare's success is attributable to the devoted service of its home care workers.  Nevertheless, although Plaintiff Ms. Medvedeva and other members of the Class typically work more than 40 hours per week to service Assistcare's expanding patient base and have helped Defendant accomplish its impressive growth, for years Assistcare failed to pay them the overtime compensation they were legally owed.

3.     Defendant's unlawful labor practices undoubtedly benefit its bottom line, but such benefits are in violation of New York State Labor Law and its implementing regulations ("NYLL" or "N.Y. Labor Law"), and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and its supporting regulations.

4.     Home care workers perform physically demanding and vitally important work. These workers are crucial for ensuring access to the care that many individuals need to remain independent, and these workers should be compensated fairly and in accordance with the law.

5.     The home care industry has grown dramatically over the past thirty years as more individuals choose to stay at home rather than seek care in nursing homes.  Today, there approximately 2 million home care workers nationwide supporting their clients' independence. Yet despite the industry's growth, home care workers remain among the lowest paid in the service industry.  The average wage for a home care worker in the United States— overwhelmingly immigrant women and women of color—is less than $20,000 a year.  Further, the lack of basic employment protections, including compliance with state and federal wage and hour laws, result in an approximately 50% turnover rate in the home care industry and leaves those who do stay in the industry unable to take care of their own families.

---

[1] *Available at:* http://www.preferredhcny.com/home-care-services/ (last visited September 29, 2017)

6.     Plaintiff Ms. Medvedeva brings this action on behalf of herself and all similarly situated employees, both as a class action under Rule 23 of the Federal Rules of Civil Procedure, and as a collective action under the FLSA, 29 U.S.C. § 216(b).

7.     Only by joining together in a class and collective action can the Company's employees remedy Assistcare's ongoing wrongdoing.  Because the monetary damages suffered by each employee are small compared to the much higher cost a single employee would incur in trying to challenge Assistcare's unlawful pay practices, it makes no financial sense for an individual employee to bring her own lawsuit.  Further, many employees don't even realize they are victims of Defendant's wage and hour violations.

8.     With this class action, Plaintiff and the Class seek to level the playing field and ensure that companies like Assistcare engage in fair and upright business practices.  Plaintiff therefore seeks equitable relief in addition to monetary damages.  Plaintiff asks that the Court declare Defendant's wage and hour practices impermissible, enjoin Defendant from continuing its abusive labor practices, require that Defendant compensate Plaintiff and the Class for all damages suffered as a result of Defendant's unlawful conduct.

## PARTIES

9.     Plaintiff Alla Medvedeva is a New York citizen, and at all times relevant to this action resided in Brooklyn, NY.  Plaintiff Medvedeva was employed by Assistcare from approximately April 2012 until approximately November 2016.

10.     At all relevant times, Plaintiff Medvedeva worked as a home care worker in Brooklyn, routinely working more than 40 hours per week.  Plaintiff Medvedeva's Consent to Join this Collective Action is attached hereto as Exhibit A.

11.     Defendant Assistcare is a New York corporation with its headquarters located at

1267 57th St., Brooklyn, New York 11219. Assistcare is primarily in the business of placing home health and personal care aides at the homes of patients with medical and personal care needs.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and 29 U.S.C. § 216(b) because Plaintiff seeks relief under federal law, specifically the FLSA, 29 U.S.C. § 201 *et seq*.

13. This Court has jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1332 (the "Class Action Fairness Act"). This action meets the prerequisites of the Class Action Fairness Act, because the aggregate claims of the Class exceed the sum or value of $5,000,000.00, the Class has more than 100 members, and diversity of citizenship exists between at least one member of the Class and Defendant.

14. This Court also possesses supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same case or controversy.

15. This Court has personal jurisdiction over Defendant because it is a New York corporation headquartered in New York.

16. Venue is proper in this district under 28 USC § 1391 because Defendant resides in the Eastern District of New York and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

17. Upon information and belief, Assistcare was established in 2006 and has since seen robust annual growth. On information and belief, the Company's revenues have been well in excess of $500,000 in each year from 2010 to the present.

18.     Assistcare's employees' work also regularly involves them in interstate commerce.  Yet Assistcare has committed multiple wage and hour violations, which are detailed in the following paragraphs.

A.     **Failure to Pay Overtime at the Proper Rate**

19.     Plaintiff Medvedeva's regular rate of pay as an Assistcare employee gradually increased from $9.00 per hour in 2012 to $10.00 per hour in 2014 until the end of her employment in 2016.

20.     During her tenure with Assistcare, Plaintiff Medvedeva worked long hours, regularly exceeding 40 hours per week.  Ms. Medvedeva's payroll records confirm the many hours she devoted to Defendant's clients.

21.     Under the applicable FLSA regulations, 29 CFR Part 552, starting on January 1, 2015, Assistcare was required to pay all members of the Class at one and a half times their regular hourly rate ($15.00 per hour), for each overtime hour worked in excess of 40 hours per week.

22.     From January 1, 2015 until October 17, 2015, Assistcare failed to pay Plaintiff Medvedeva an overtime premium of one and a half times her regular hourly rate.

23.     For example, for the week ending August 14, 2015 Ms. Medvedeva's pay stub demonstrates that she worked 54 hours, yet was underpaid for the 14 overtime hours, receiving from Defendant only $13.13 per hour instead of the $15.00 per hour mandated by federal and state law.

24.     Until October 17, 2015, Assistcare maintained these same pay practices with regard to Plaintiff and the Class.

25.     Prior to January 1, 2015, Defendant was required under applicable NYLL

regulations to compensate Plaintiff for all overtime hours at a rate of 1.5 times the applicable minimum wage.  Yet on at least one occasion when Plaintiff worked overtime Defendant required Plaintiff to work additional "in service" time but failed to pay Plaintiff any overtime premium for these extra hours worked.  For the pay period ending January 11, 2013 Plaintiff was paid for 40 "Regular" hours at $9.25 per hour, 8 "Overtime" hours at $10.88 per hour ($7.25 minimum wage x 1.5 = $10.88), and 3 "In Service" hours at $8.25 per hour.  By failing to count "In Service" hours as part of Plaintiffs' weekly working hours Defendant shorted Plaintiff her lawfully owed overtime premium on three hours worked.

26.     As the applicable minimum wage in New York increased, Defendant also violated New York law by failing to timely adjust the overtime rate it paid to Plaintiff and the Class.  For example, effective December 31, 2013 New York's minimum wage increased to $8.00 from $7.25 and thus under NYLL regulations Defendant was required to pay Plaintiff and the Class an overtime premium of $12 per hour ($8.00 x 1.5 = $12.00) instead of the previous minimum overtime rate of $10.88 ($7.25 x 1.5 = $10.88).  Yet Defendant waited until the end of January 2014 to raise its overtime rate from $10.88 to $12.00, thus depriving its hard-working home care workers of their full lawfully owed overtime premium during most of January 2014.

27.     The overtime violations detailed above are evident from the payroll account records in both Ms. Medvedeva's and Defendant Assistcare's possession.

28.     Defendant's failure to pay Plaintiff the proper overtime compensation required by the FLSA was willful.

29.     Defendant's unlawful conduct occurred pursuant to a corporate policy and/or practice of minimizing labor costs by denying Plaintiff and the Class compensation in violation of the FLSA.

**B.**     **Failure to Compensate for All Hours Worked**

30.     Ms. Medvedeva regularly served two clients on the same day.  For example, on Friday, August 14, 2015, she served one client from 8:32 a.m. until 2:32 p.m., and then another client starting 8:00 p.m. until 8:00 a.m. the following day.  It took Ms. Medvedeva approximately 30 minutes to travel between the residences of these two clients.

31.     Under the applicable FLSA regulations, 29 CFR Part 552, starting on January 1, 2015, Assistcare was required to pay all members of the Class for the travel time between two clients served on the same day.

32.     Regularly, as in the above example, such travel time was overtime, in other words were hours worked in excess of 40 hours per week.  Assistcare failed to compensate Ms. Medvedeva and the Class for such travel time, let alone pay the required $15.00 per hour.

33.     Even when the travel time was not overtime, Assistcare was required to compensate Ms. Medvedeva and the Class at her regular rate under the NYLL § 198 and the minimum wage under the FLSA, which Defendant did not do.

**C.**     **Denial of "Spread of Hours" Pay**

34.     Plaintiff Medvedeva's regular hourly wage increased from $9 per hour in 2012 to $10 per hour in 2014, the minimum required under the New York Wage Parity Law, N.Y. Pub. Health Law § 3614-c.

35.     Pursuant to 12 N.Y.C.R.R. § 142-2.4 Defendant is required to pay its home care workers an extra hour's pay for split shifts (i.e., a schedule of daily hours in which the working hours are not consecutive) or if the home care worker works a single shift lasting more than ten (10) hours.  This required extra pay is called "spread of hours" pay.

36.     Plaintiff Medvedeva and the Class regularly worked more than ten hours per day

and regularly had split shifts.  For example, during the week from August 8, 2015 to August 14, 2015 Plaintiff Medvedeva worked at least two days with split shifts and/or shifts longer than 10 hours but was not paid spread of hours pay.

37.     Defendant failed and continues to fail to provide spread of hours pay to its employees when they work more than ten hours per day or have split shifts.

38.     The spread of hours violations detailed above are evident from the payroll account records in both Ms. Medvedeva's and Defendant Assistcare's possession.

**D.     Wage Theft Prevention Act Violations**

39.     Defendant failed to provide Plaintiff and the Class with accurate wage statements, which is required by NYLL § 195(3).  For example, Defendant's wage statements did not reflect all the hours worked by Ms. Medvedeva as they omitted the travel time between two clients, and amounts payable under the Wage Parity Law.

40.     Defendant also failed to furnish Plaintiff and the Class with an accurate annual wage notice as required by NYLL § 195(1).

**E.     Failure to Pay Total Compensation Under Wage Parity Law**

41.     As part of its effort to improve the quality of care for New Yorkers who receive home health care services, in 2011 the New York Legislature enacted Public Health Law § 3614-c which went into effect March 1, 2012.  Commonly known as the "Wage Parity Law," the statute conditions Medicaid reimbursement for home health care services provided in New York City and the surrounding counties of Westchester, Suffolk, and Nassau upon a home health care agency's certification that it paid a statutorily defined minimum wage.  The required wage is determined by reference to New York City's Living Wage Law (*see* Administrative Code of City of NY § 6-109[b][1][a], [b][3]), which sets a minimum wage and health benefits supplement rate

that must be paid by any City service contractor or subcontractor to its employees who provide home care services. By referring to the New York City Living Wage Law, the Wage Parity Law aims to bring total compensation for Medicaid-reimbursed home care aides in the metropolitan New York area into line with compensation paid to aides who are under contract with New York City, thereby furthering the legislative purpose of stabilizing the home care workforce, reducing turnover, and enhancing recruitment and retention of home care workers.

42. The Wage Parity Law applies to entities like Assistcare that contract with managed care plans for Medicaid reimbursements. NYPHL § 3614-c(6). The Wage Parity Law applies "equally to services provided by home care aides who work on episodes of care as direct employees of certified home health agencies, long term home health care programs, or managed care plans, or as employees of licensed home care services agencies, limited licensed home care services agencies, or under any other arrangement." NYPHL § 3614-c(4).

43. Assistcare has been and continues to be a licensed home care services agency.

44. Assistcare has entered into agreements with one or more managed care plans. Under the terms of these agreements, managed care plans reimburse Assistcare for the services performed by its employees with New York state Medicaid funds. On information and belief, under the terms of these agreements, Assistcare was obligated to compensate its home care aides according to the Wage Parity Law.

45. On information and belief, Assistcare received reimbursements from managed care plans. These reimbursements were funded, at least in part, by New York state Medicaid funds.

46. Plaintiff Medvedeva was a home care aide as defined by the Wage Parity Law.

47. On information and belief, Assistcare received reimbursements funded by New

York state Medicaid funds for Plaintiff Medvedeva's services from a managed care plan.

48.    The New York State Department of Health periodically publishes official notices of home care worker wage parity minimum rate of total compensation, which provides the breakdown of total hourly compensation of homecare workers.

49.    For the period of March 1, 2012 through February 28, 2013, the minimum rate of home care workers' base compensation was $9.00 per hour plus $1.35 per hour if medical benefits were not provided by employer.

50.    For the period of March 1, 2013 through February 28, 2014, the minimum rate of home care workers' base compensation was $9.50 per hour plus $1.43 in wages and/or wages and benefits.

51.    For the period of March 1, 2014 through December 30, 2016, the minimum rate of home care workers' total compensation was $14.09, consisting of a base wage of at least $10.00 per hour, "Additional Wages" of up to $1.69 per hour, and "Supplemental Wages" of up to $2.40 per hour.

52.    For the period of December 31, 2016 through December 30, 2017, the minimum rate of total compensation for home care workers employed by "large" employers (more than 11 total employees) was $15.09, consisting of a wage of at least $11.00 per hour, Additional Wages of up to $1.69 per hour, and Supplemental Wages of up to $2.40 per hour.

53.    Assistcare failed to pay Plaintiff Medvedeva and the Class all compensation required by the Wage Parity Law.

54.    The Wage Parity Law violations detailed above are evident from the payroll account records in both Ms. Medvedeva's and Defendant Assistcare's possession.

## COLLECTIVE ACTION ALLEGATIONS

55.     Plaintiff brings Counts I and II under the FLSA on behalf of herself and all other similarly situated current and former home health and personal care workers (collectively "home care workers") employed by Defendant at any time within the three years prior to the date of the filing of this action and thereafter (the "FLSA Collective").

56.     At all relevant times, Plaintiff and the FLSA Collective are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiff one-and-one-half times their regular rates work in excess of 40 hours per workweek.

57.     Defendant's unlawful conduct, as described in this Class and Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs.

58.     Defendant is aware or should have been aware that as of January 1, 2015 federal law requires it to pay home care workers an overtime premium for hours worked in excess of 40 per workweek.

59.     Defendant is aware or should have been aware that as of January 1, 2015, the FLSA requires it to pay for time its employees spent traveling between different clients.

60.     Counts I and II are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

61.     The members of the FLSA Collective are readily ascertainable, can be located through Defendant's records, and would benefit from the issuance of a court supervised notice of this lawsuit and the opportunity to join the lawsuit.

62.     Notice should be sent to the members of the FLSA Collective pursuant to 29

U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

63.     Plaintiff brings Counts III–X pursuant to Rule 23 of the Federal Rules of Civil

Procedure, on behalf of herself and a Class of Assistcare employees preliminarily defined as

follows:

> All persons who were employed by Assistcare as home care
> workers who, at any time within six years prior to the date of the
> filing of this action and thereafter, did not receive full
> compensation for all overtime and straight hours worked.

64.     Excluded from the Class are Defendant, Defendant's legal representatives,

officers, directors, assigns, and successors, or any individual who has, or who at any time during

the class period has had, a controlling interest in Assistcare; and the Judge(s) to whom this case

is assigned, their judicial staffs, and any member of the Judges' immediate family.

65.     The claims of Plaintiff and the Class may properly be maintained as a class action

against Defendant pursuant to the provisions of Federal Rule of Civil Procedure 23.

66.     The size of the Class is more than 100 individuals.  The persons in the Class are

so numerous that the joinder of all such persons is impracticable.

67.     Plaintiff is a member of the Class.  Her claims are typical of the claims of the

Class and do not conflict with the interests of any other members of the Class.  All members of

the Class have been subject to and affected by the same or similar conduct.

68.     Plaintiff will fairly and adequately protect the interests of all Class members

because it is in her best interest to vigorously prosecute the claims alleged herein and to obtain

full compensation due to her for the illegal conduct of which she complains.  Plaintiff has

retained competent and experienced class action attorneys to represent her interests and those of

the Class.

69.     Questions of law and fact are common to the Class and predominate over any questions affecting only individual members, and a class action will generate common answers to the questions below, which are apt to drive the resolution of this action:

a.   Whether Defendant failed to pay its employees all overtime compensation earned in violation of N.Y. Labor Law §§ 650 *et seq.* and 12 N.Y.C.R.R. § 142-2.2;

b.   Whether Defendant failed to pay its employees all compensation for straight time earned in violation of N.Y. Labor Law §§ 198 *et seq.*;

c.   Whether Defendant should compensate its employees for an extra hour of pay for all days when they worked more than 10 hours or worked split shifts as required by New York's spread-of-hours law;

d.   Whether Defendant failed to furnish the Class with accurate wage statements, as required by NYLL § 195(3);

e.   Whether Defendant failed to furnish the Class with an accurate annual wage notice, as required by NYLL § 195(1);

f.   Whether Defendant failed to pay its employees all Wage Parity Act minimum wages in violation of Public Health Law § 3614-c, and NYLL §§ 198, 663(1);

g.   Whether, and to what extent, equitable relief should be imposed on Defendant to prevent the Company from continuing its unlawful labor policies; and

h.   The extent of class-wide injury and the measure of damages for those injuries.

70.     A class action is superior to all other available methods for resolving this controversy because i) the prosecution of separate actions by Class members will create a risk of adjudications with respect to individual Class members that will, as a practical matter, be dispositive of the interests of the other Class members not parties to this action, or substantially impair or impede their ability to protect their interests; ii) the prosecution of separate actions by Class members will create a risk of inconsistent or varying adjudications with respect to individual Class members, which will establish incompatible standards for Defendant's conduct; iii) Defendant has acted or refused to act on grounds generally applicable to all Class members; and iv) questions of law and fact common to the Class predominate over any questions affecting

only individual Class members.

71.     Accordingly, this action satisfies the requirements set forth under Fed. R. Civ. P. 23(a) and 23(b).

## COUNT I
## (FLSA – UNPAID OVERTIME WAGES)

72.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

73.     At all relevant times, Plaintiff and the FLSA Collective were employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

74.     At all relevant times, Plaintiff and the FLSA Collective were employees of Defendant within the meaning of 29 U.S.C. § 203(e).

75.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, 29 CFR Part 552 effective as of January 1, 2015, apply to Defendant Assistcare and protect Plaintiff and the FLSA Collective.

76.     The FLSA 29 U.S.C. §§ 206 and 207 mandate that in calculating overtime the employer must utilize the employees' regular rate of pay.

77.     In violation of the FLSA and supporting regulations, Assistcare has engaged in a widespread pattern, policy, and practice of failing to pay Plaintiff and the FLSA Collective overtime wages at time-and-a-half their regular rate of pay for all hours that they worked over 40 hours in a workweek.

78.     As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT II
### (FLSA – FAILURE TO PAY FOR TRAVEL TIME BETWEEN CLIENTS)

79.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

80.    The FLSA's wage provisions, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, 29 CFR Part 552 effective as of January 1, 2015, require Assistcare to compensate Plaintiff and the FLSA Collective for the time spent traveling between clients served on the same day.

81.    To the extent such travel time is overtime, Assistcare failed to compensate Plaintiff and the FLSA Collective at $15.00 per hour.

82.    To the extent such travel time is straight time, Assistcare failed to compensate Plaintiff and the FLSA Collective at the FLSA minimum wage of $7.25 per hour.

83.    Defendant failed to make, keep, and preserve accurate records with respect to Plaintiff and the FLSA Collective, including hours worked each workday and total hours worked each workweek.

84.    As a result of Defendant's unlawful acts, Plaintiff and the FLSA Collective have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT III
### (NYLL – UNPAID OVERTIME WAGES)

85.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

86.    The overtime wage provisions of Article 19 of the N.Y. Labor Law and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

87.     In violation of N.Y. Labor Law and applicable regulations Assistcare has engaged in a widespread pattern and practice of failing to pay its employees overtime compensation.

88.     By Defendant's knowing or intentional failure to pay Plaintiff and the Class the correct overtime rate, Defendant has willfully violated N.Y. Labor Law Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

89.     Due to Defendant's willful violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid overtime wages earned and due during the six years prior to the commencement of this action and thereafter, as well as liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law § 663.

**COUNT IV**
**(NYLL – FAILURE TO PAY FOR TRAVEL TIME BETWEEN CLIENTS)**

90.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

91.     The overtime wage provisions of Article 19 of the N.Y. Labor Law and its supporting regulations apply to Defendant and protect Plaintiff and the Class.

92.     The provisions of Article 6 of the N.Y. Labor Law requiring employers to pay all earned wages apply to Defendant and protect Plaintiff and the Class.

93.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, 29 CFR Part 552 effective as of January 1, 2015, require Assistcare to compensate Plaintiff and the Class for the time spent traveling between clients served on the same day.

94.     Accordingly, under the NYLL and supporting regulations, 12 NYCRR § 142,

effective January 1, 2015 travel time between two clients became compensable and to the extent such travel time was overtime, Plaintiff and the Class were entitled to the overtime premium of 1½ times the regular rate, $15.00, which Assistcare failed to pay.

95.     To the extent such travel time was straight time, Assistcare failed to compensate Plaintiff and the Class at the regular hourly rate of $10.00.

96.     By Defendant's knowing or intentional failure to pay Plaintiff and the Class for the travel time between two clients during a single shift, Defendant has willfully violated N.Y. Labor Law Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations and/or N.Y. Labor Law Art. 6, §§ 190 *et seq*.

97.     Defendant failed to make, keep, and preserve accurate records with respect to Plaintiff and the Class, including hours worked each workday and total hours worked each workweek, as required by N.Y. Labor Law § 195(4) and supporting regulations.

98.     Due to Defendant's willful violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid overtime or regular wages earned and due during the six years prior to the commencement of this action and thereafter, as well as liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest, pursuant to N.Y. Labor Law §§ 663, 198.

## COUNT V
### (NYLL – SPREAD-OF-HOURS PAY)

99.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

100.    Under 12 NYCRR § 142-2.4, Assistcare is required to pay an hourly employee an extra hour of pay for any split-shift or day in which the employee's "spread of hours" exceeds 10 hours.  The relevant spread is the time between the beginning and the end of employee's work

day including all working time, time off for meals, and time off duty, as defined by 12 NYCRR § 142-2.18.

101.   Plaintiff and the Class often work a spread of hours in excess of 10 hours per day or split shifts.  However, Defendant never pays these employees an extra hour of pay for each day in which they worked over 10 hours or a split shift.  Defendant continually violates 12 NYCRR § 142-2.4.

102.   By Defendant's knowing or intentional failure to pay Plaintiff and the Class spread-of-hours pay, Defendant has willfully violated N.Y. Labor  Law Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor regulations.

103.   Due to Defendant's willful violations of the N.Y. Labor  Law, Plaintiff and the Class are entitled to recover from Defendant their wages earned and due during the six years previous to commencing this action and thereafter, as well as liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT VII
## (NYLL – FAILURE TO PROVIDE ACCURATE ANNUAL WAGE NOTICES)

104.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

105.   Assistcare willfully failed to provide Plaintiff and the Class with compliant wage notices, as required by N.Y. Labor  Law § 195(1).

106.   Through its knowing or intentional failure to provide Plaintiff and the Class with compliant wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

107.   Due to Defendant's willful violations of the N.Y. Labor  Law, Plaintiff and the Class are entitled to statutory penalties of $50 for each workday that Defendant failed to provide

them with wage notices, or up to a total of $5,000, plus reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL § 198(1-b).

## COUNT VIII
## (NYLL – FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS)

108.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

109.    Assistcare willfully failed to provide Plaintiff and the Class with accurate statements of wages, as required by N.Y. Labor Law § 195(3) by, among others, omitting the work time spent traveling between clients on the same day, and amounts payable under the Wage Parity Law.

110.    Through its knowing or intentional failure to provide Plaintiff and the Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

111.    Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the Class are entitled to statutory penalties of $250 for each workweek that Defendant failed to provide them with accurate wage statements, or a total of up to $5,000, plus reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

## COUNT IX
## (NYLL – FAILURE TO PAY EARNED WAGES MANDATED BY
## THE WAGE PARITY LAW)

112.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

113.    New York Labor Law § 190(1) defines "Wages" as "earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time,

piece, commission or other basis.  The term "wages' also includes benefits or wage supplements as defined in section one hundred ninety-eight-c of this article, except for the purposes of sections one hundred ninety-one and one hundred ninety-two of this article."

114.    New York Labor Law § 198-c(2) further provides; "As used in this section, the term "benefits or wage supplements" includes, but is not limited to, reimbursement for expenses; health, welfare and retirement benefits; and vacation, separation or holiday pay."

115.    Pursuant to New York Labor Law § 198 employers such as the Defendant who fail to pay hourly employees wages in conformance with New York Labor Law are liable to the hourly employees for the wages that were not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

116.    The compensation rates for home care workers mandated by Wage Parity Law are wages under New York Labor Law.

117.    Defendant was obligated to pay its home care workers the required amounts because it entered into agreements with managed care plans and was receiving reimbursements funded by the New York Medicaid program.

118.    Plaintiff and the Class were entitled to receive the required per hour amounts under the Wage Parity Law.

119.    Defendant failed to pay Plaintiff and the Class all amounts required by the Wage Parity Law.

120.    Defendant's failure to pay Plaintiff and the Class all amounts required by the Wage Parity Law was without good faith basis to believe that such failure was in compliance with the law.

121.    Due to Defendant's violations of the Wage Parity Law and N.Y. Labor Law,

Plaintiff and the Class are entitled to recover from Defendant their wages earned and due during the six years previous to commencing this action and thereafter, as well as liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT X
## (UNJUST ENRICHMENT, IN THE ALTERNATIVE)

122.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

123.   If Plaintiff's and the Class' New York Labor Law claim for wages required by the Wage Parity Law (Count IX) fails for any reason, Defendant was unjustly enriched by failing to pay Plaintiff and the Class the total compensation required by the Wage Parity Law.

124.   Defendant was enriched by keeping the underpayment, which is the difference between what it should have paid under the Wage Parity Law and what it actually paid to the Plaintiff and the Class.

125.   By keeping the underpayment, Defendant was enriched at Plaintiff's and the Class' expense.

126.   The circumstances of the enrichment are such that equity and good conscience require restitution to which Plaintiff and the Class are entitled.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alla Medvedeva on her own behalf and on behalf of all other similarly situated persons, seeks the following relief:

A.   Designation of this action as a collective action on behalf of the FLSA Collective members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA and state law claims;

B.      Designation of Plaintiff as the Representative of the FLSA Collective;

C.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

D.      An award of damages, according to proof, including liquidated damages, to be paid by Defendant, as authorized by the FLSA;

E.      Certification of this case as a class action pursuant to Rule 23;

F.      Designation of Plaintiff as the Representative of the Class and counsel of record as Class Counsel;

G.      Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under the NYLL, Article 6, §§ 190, *et seq.*, NYLL, Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations;

H.      An award of unpaid straight time pay, overtime pay, spread of hours pay, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

I.      Statutory penalties of $50 for each workday that Defendant failed to provide the Plaintiff and the Class with a wage notice, or a total of $5,000, as provided for by the NYLL, Article 6 § 198;

J.      Statutory penalties of $250 for each workweek that Defendant failed to provide Plaintiff and the Class with accurate wage statements, or a total of $5,000, as provided for by the NYLL, Article 6 § 198;

K.      Pre-judgment interest and post-judgment interest;

L.      Issuance of an injunction requiring Defendant to pay all statutorily required wages

pursuant to the N.Y. Labor Law and an order enjoining Defendant from continuing its unlawful policies and practices as described herein with respect to the Class and Collective;

    M.    Punitive damages;

    N.    Penalties, as provided by law;

    O.    Reasonable attorneys' fees and costs of the action; and

    P.    Such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Medvedeva requests trial by jury in this action of all issues so triable.


Dated: Armonk, New York
       September 29, 2017

                  By:    /s/ Steven L. Wittels
                       Steven L. Wittels (SW-8110)
                       J. Burkett McInturff (JM-4564)
                       Tiasha Palikovic (TP-5697)
                       WITTELS LAW, P.C.
                       18 HALF MILE ROAD
                       ARMONK, NEW YORK 10504
                       Telephone: (914) 319-9945
                       Facsimile: (914) 273-2563
                       slw@wittelslaw.com
                       jbm@wittelslaw.com
                       tpalikovic@wittelslaw.com

                       Daniel Hymowitz (DH-0936)
                       HYMOWITZ LAW GROUP, PLLC
                       1629 Sheepshead Bay Road
                       Brooklyn, NY 11235
                       Telephone: (718) 807-9900
                       Facsimile: (866) 521-6040
                       daniel@hymowitzlaw.com

                       *Counsel for Plaintiff and the Class*