# NANESS, CHAIET & NANESS, LLC

Attorneys at Law
375 North Broadway, Suite 202
Jericho, New York 11753
Telephone: (516) 827-4300
Facsimile: (516) 827-0202

Richard M. Naness
Clifford P. Chaiet
Jeffrey N. Naness*
W. Matthew Groh**

*Also admitted FL and NJ
**Also admitted in CT

November 2, 2018

<u>VIA ECF</u>

Honorable William F. Kuntz, II
United States District Judge

Honorable Lois Bloom
United States Magistrate Judge

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: Medvedeva v. Assistcare Home Health Services, LLC
     Case No. 17-CV-05739(WFK)(LB)

Dear Judges Kuntz and Bloom:

  Our firm represents Defendant Assistcare Home Health Service LLC d/b/a Preferred Home Care of New York ("Preferred" or "the Employer") in connection with the above-referenced matter. Pursuant to Magistrate Judge Lois Bloom's October 19, 2018 order, the parties are filing a joint status letter notifying the Court of the rescheduled mediation date. The mediation has been rescheduled to January 30, 2019. Although not requested to do so, the parties wish to provide the Court with an explanation for the need to adjourn the mediation.

  By letter motion dated filed July 10, 2018 (Docket No. 25), the parties notified the Court of an agreement to mediate. As stated therein, the parties agreed to pre-mediation disclosures, with the main component being Preferred's agreement to produce complete time and payroll data for the individuals included in the proposed class. Relevant Time and Attendance Reports are maintained by a third-party software vendor and, in the format requested, can only be compiled by the vendor, not Defendant. Payroll Export reports also have to be produced in a format requested by Plaintiff. To avoid any potential data-related problems and a need to reproduce much larger data compilations, Preferred agreed to produce sample reports for review by Plaintiff's wage and

## NANESS, CHAIET & NANESS, LLC

hour statistical consulting firm ("Plaintiff's expert") in preparation for mediation. Preferred thereafter supplied sample Time and Attendance Reports and a Payroll Export Report for a representative period chosen by the Plaintiff on July 24, 2018 (all dates are 2018, unless otherwise stated). Between July 27 and August 7, Plaintiff's made numerous requests for information and clarification about the reports provided, to which Defendant provided full responses. In addition, on August 7, pursuant to Plaintiff's request, an additional Payroll Export Report that included Wage Parity Act accruals was provided, along with a list of Wage Parity contracts.

Between August 7 and September 24, understandably, there were additional inquiries regarding the data produced, and detailed answers were provided. On September 24, Preferred was notified that the last data sample provided by Defendant was acceptable to Plaintiff's expert. Thereafter, Preferred ascertained (including from its outside vendor) the time frame to produce the data in the format required by Plaintiff for the members of the proposed class, and estimated it will take a total of six (6) weeks, and possibly up to ten (10) weeks or more, for Defendant and its outside vendor to produce all relevant payroll data. Further, it will take Plaintiff's expert approximately two (2) to (4) weeks to produce Plaintiff's report, and it will take approximately two (2) to four (4) weeks for Defendant to analyze same and produce a report of its own. As such, there was a need to reschedule the mediation.

As is evident by the foregoing, the parties intend to diligently pursue mediation and settlement. Notwithstanding same, as stated in the letter motion dated filed July 10, 2018 (Docket No. 25), the parties wished to fully brief the Plaintiff's conditional certification motion and Defendant's dismissal motion with the hope that decisions regarding said motions will assist the parties' efforts to settle this case at mediation. As such, the motions are fully briefed. However, if the Court does not wish to expend judicial resources deciding motions in a case that may settle after mediation, the parties fully understand.

By this joint letter, the parties also respectfully request that discovery in this action be stayed until February 15, 2019. One previous request to stay discovery until November 30, 2018 has been granted (Docket No. 26).

We thank your Honors for your consideration.

Very truly yours,

W. Matthew Groh

cc: (Via ECF)
Steven L. Wittels, Esq.
Daniel Hymowitz, Esq.
J. Burkett McInturff III, Esq.
Tiasha Palkovic, Esq.
Dolgora Dorzhieva, Esq.
Andrey Belenky, Esq.